Pbausost, J.
A father, whose daughter is, debauched, has a cause of action for damages. Tbe daughter is not obliged to swear tbe child, provided she pays a fine of five dollars, and gives bond for tbe maintenance of tbe child.
If tbe father, in consideration of a tract of land, releases bis cause of action, and agrees to support tbe child, so that it shall not become a County charge, we can see nothing iniquitous in tbe transaction, and nothing which violates public policy, especially when, as in this case, tbe land stands as a security for tbe performance of tbe agreement; tbe object of tbe bastardy law being fully answered, and litigation prevented.
The doctrine in regard to marriage-brokage bonds, and agreement, in restraint of public trade, has no application. A bond given for future cohabitation is void*; but a bond given as compensation, or rather in atonement for past cohabitation, will be enforced.
In our case there is no suggestion that there was a stipulation for tbe connivance of tbe father at future cohabitation, as a part of tbe price of tbe land; that would be, indeed, iniqui- *312 toils. After the injury was inflicted, the defendant ought to have offered compensation. There is nothing, even in good morals, which forbade the father from accepting it.
The law in regard to “ compounding felonies ” has no application. One who has been injured by a violent battery may accept compensation, and agree not to be active in getting up an indictment. Indeed, it is a common practice on the circuit, upon convictions for assaults and batteries, and the like offences, for the Court to intimate to the defendant that his case will be looked upon more favorably, if he will make ample compensation to the individual immediately injured. This is a commendable practice, for the ends of justice are answered by punishing the offender, while, at the same time, the individual peculiarly interested, receives compensation, and thus litigation is prevented,
PeR Cueiam, The demurrer must be overruled